Jose A. Montalvo, Esq. (SBN: 184484)
LAW OFFICES OF JOHN A. BIARD
215 Lennon Lane, Suite 200
Walnut Creek, California 94598
Telephone No: (925) 945-4491
Facsimile No: (855) 668-5559
E-Mail Address: JAMONTAL@travelers.com

Attorneys for Defendant,
BAIN ULTRA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DANA HAMILTON and STAN HAMILTON,<br><br>Plaintiffs,<br><br>v.<br><br>THE COTTAGES OF NAPA VALLEY, LLC, and BAIN ULTRA, INC.,<br><br>Defendants. | **CASE NO: C-13-4936 VC**<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to

STIPULATED PROTECTIVE ORDER
Page (1)

file confidential information under seal; *California Rule of Court,* Rules 2.550 and 2.551 set forth the rules and procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1   Challenging Party: a Party or Non-Party who challenges the designation of information or items under this Order.

2.2   CONFIDENTIAL Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that a party reasonably designates as protected by a right of privacy, as a trade secret (as defined in *Civil Code* § 3426.1(d)) or would otherwise be subject to a protective order pursuant to *Code of Civil Procedure* § 2031.060, whether requested via request for production of documents, notice of deposition, subpoena or otherwise.  Any disclosure of CONFIDENTIAL Information is not a waiver of the trade secret privilege as it relates to the disclosed information or item or any other information or items to which the trade secret privilege applies.

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in responses to discovery in this matter.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this

Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     Inadvertent Designations. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, a Designating Party may specify, at the deposition or up to 21 days after the deposition, hearing or trial, that the entire transcript shall be treated as CONFIDENTIAL. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. The 21 day period called for in this Section 5.2 shall commence upon transmittal by the court reporter of the completed transcript to the Designating Party. If the transmittal is by US mail, the 21 day period shall be extended by five days. If by overnight delivery, the 21 day period shall be extended by two days. If the 21 day period (or any extension granted herein by virtue of the delivery method of the transcript, or by agreement of the Parties) falls on a weekend or California Superior Court holiday, the period shall be extended to the next business day.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality within 30 days of its receipt or, in the case of designations made at a deposition or hearing, 30 days after the deposition or hearing. In the case of a designation made within the time frame set forth in section 5.2(b) regarding deposition transcripts, the 30 day period called for in this section shall not commence until receipt of the designation

STIPULATED PROTECTIVE ORDER
Page (6)

by the Challenging Party. "Receipt" shall be defined as 5 calendar days following the designation's transmission, if transmitted by mail, 2 days following the designation's transmission, if transmitted by overnight delivery, and the same day as the designation's transmission if transmitted by e-mail or fax. If the last day to challenge falls on a weekend, or California Superior Court holiday, the last day to challenge shall be extended to the next business day . The Parties may stipulate to extend this time. Only the Designating Party and the Challenging Party need to enter into such a stipulation.

      6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the factual and legal basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    Resolution of Challenges. If the Parties cannot resolve a challenge among themselves, the Parties agree that such disputes will be referred to Special Master William Bettinelli, whose determination on the propriety of the designation shall be binding on the Superior Court. The Parties may submit letter briefs to the Special Master describing their respective positions. The Special Master's fees shall be paid by the party that does not prevail in the challenge.

All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the challenge is resolved.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of CONFIDENTIAL Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3. Use of CONFIDENTIAL Information at trial. Any Party desiring to use material designated CONFIDENTIAL Information at trial shall file a motion pursuant to *California Rules of Court* Rules 2.550 and 2.551 to have such records sealed. Such motion may be brought as an *in limine* motion. The parties shall meet and confer in good faith (either on the phone or in person) at least one week prior to trial to discuss stipulating to a sealing order for material designated CONFIDENTIAL.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and,

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

CONFIDENTIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  **LOCAL RULE**

Confidential materials, including deposition transcripts, may be referred to in motions and briefs and may be filed with the Court. Pursuant to Sonoma County Superior Court Local Rule 5.8A, (1) the party submitting confidential material to the Court to be filed must put that material in a sealed manila envelope no smaller than 9" x 12" and no larger than 10" x 13"; (2) the envelope must have on its back (on the unsealed side) the warning: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," the case number and caption, and the title(s) of the paper(s) enclosed; and (3) in parentheses beneath the title(s) of the paper(s) as they appear on the envelope, there must be a reference to the confidentiality order, by file date and title [as, for example, (FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER FILED JANUARY 1, 2000)], under which the papers are submitted. If the papers are exhibits to a motion or other paper, the manila envelope, with the stated identifying features, must not be attached to the principal paper, but there must be reference made in the motion, memorandum of points and authorities, or declaration, as appropriate, to the confidential materials filed under seal.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Protected Material may only be filed pursuant to the procedure outlined in *California Rules of Court* Rule 2.551.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the

1   Receiving Party must submit a written certification to the Producing Party (and, if not the
2   same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies
3   (by category, where appropriate) all the Protected Material that was returned or destroyed
4   and (2) affirms that the Receiving Party has not retained any copies, abstracts,
5   compilations, summaries or any other format reproducing or capturing any of the Protected
6   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of
7   all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
8   correspondence, deposition and trial exhibits, expert reports, attorney work product, and
9   consultant and expert work product, even if such materials contain Protected Material. Any
10  such archival copies that contain or constitute Protected Material remain subject to this
11  Protective Order as set forth in Section 4 (DURATION).
12
13  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**
14
15  Dated: September 2, 2014
16        LAW OFFICES OF JOHN A. BIARD
17
18  BY: /s/ JOSE A. MONTALVO, ESQ.
19        JOSE A. MONTALVO, ESQ.
          Attorneys for Defendant Bain Ultra, Inc.
20
21  ~~Dated: September 2, 2014~~
22        BURGE & BURGE LAW FIRM
23
24  BY: /s/ COURTNEY BROWN, ESQ.
25        COURTNEY BROWN, ESQ.
          Attorneys for Plaintiffs Dana Hamilton
26        and Stan Hamilton
27
28

1  Dated: September 2, 2014

2
3        STRATMAN PATTERSON & HUNTER

4
5  BY:/s/ P. RICHARD COLOMBATTO, ESQ.
        P. RICHARD COLOMBATTO, ESQ.
6       Attorneys for Defendant
        The Cottages of Napa Valley LLC
7

8

9  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

10

11 DATED: September 4, 2014

12
13  _____
14       HONORABLE VINCE CHHABRIA

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court of the Northern District of California of Hamilton v. The Cottages of Napa Valley, LLC, et al., case number C-13-4936 VC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Northern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Respectfully submitted,

Dated: September 2, 2014         LAW OFFICES OF JOHN A. BIARD

                         BY:   /s/ Jose A. Montalvo, Esq.
                               JOSE A. MONTALVO, ESQ.
                               Attorneys for Defendant,
                               BAIN ULTRA, INC

STIPULATED PROTECTIVE ORDER
Page (14)

| | | | |
|---|---|---|---|
| 1 | Dated: September 2, 2014 | | BURGE & BURGE LAW FIRM |
| 2 | | | |
| 3 | | BY: | /s/ Courtney Brown, Esq. |
| | | | COURTNEY BROWN, ESQ. |
| 4 | | | Attorneys for Plaintiffs, |
| | | | DANA HAMTILTON AND |
| 5 | | | STAN HAMILTON |
| 8 | Dated: September 2, 2014 | | STRATTMAN PATTERSON & HUNTER |
| 10 | | BY: | /s/ P. Richard Colombatto, Esq. |
| | | | COURTNEY BROWN, ESQ. |
| 11 | | | Attorneys for Defendant, |
| | | | THE COTTAGES OF NAPA VALLEY LLC |

STIPULATED PROTECTIVE ORDER
Page (15)